## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SOUTH RIVER WATERSHED ALLIANCE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action File No. 1:23-CV-03416-JPB |
| CITY OF ATLANTA and ATLANTA POLICE FOUNDATION, INC., | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF ATLANTA'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

Defendant City of Atlanta, Georgia ("the City") files this Answer to the Amended Complaint for Injunctive Relief ("Complaint") filed by Plaintiff South River Watershed Alliance, Inc. ("Plaintiff").

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this action because there are no ongoing violations of the Clean Water Act.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this action because Plaintiff failed to provide an adequate pre-suit notice as required under the Clean Water Act.

## FOURTH AFFIRMATIVE DEFENSE

The City relies on all defenses available under the Georgia Water Quality Control Act, the federal Clean Water Act, as well as other applicable federal and state laws and regulations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because development of the Atlanta Public Safety Training Center ("Training Center") has complied with the Georgia Environmental Protection Division's ("EPD") 2018 National Pollutant Discharge Elimination System Construction Stormwater General Permit GAR 100001 ("General Permit")[1].

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because development of the Training Center has complied with the Erosion, Sedimentation, and Pollution Control Plan ("ESPCP") approved by EPD and DeKalb County for the project.

---

[1] The 2018 General Permit has expired. On August 23, 2024, Georgia Department of Natural Resources, Environmental Protection Division, *Authorization to Discharge Under the National Pollutant Discharge Elimination System, Storm Water Discharges Associated with Construction Activity for Stand Alone Construction Projects*, General Permit No. GAR 100001 (Aug. 1, 2023) came into effect.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because development of the Training Center has complied with the best management practices ("BMPs") required by the General Permit and the ESPCP.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because they are an unlawful collateral attack on prior agency actions.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to show its requested relief would remedy any alleged harm.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by waiver or estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations or the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

The City incorporates herein by reference all defenses set forth in its Pre-Answer motion to dismiss the Complaint as if originally set forth to preserve them for the record.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part as the asserted standards are void for vagueness, exceed statutory authority, and or would violate due process as applied.

## FOURTEENTH AFFIRMATIVE DEFENSE

The City reserves the right to raise any and all defenses which may appear or otherwise arise during the pendency of this case.

## ANSWER

Without waiver of the foregoing affirmative defenses, which are incorporated herein by reference, the City answers the enumerated paragraphs of the Complaint as follows:

### Nature of Action

1.      Paragraph 1 of the Complaint sets forth legal conclusions and the reasons way Plaintiff brought this action requiring no answer of the City; to the extent an answer is deemed required, said paragraph is denied.

### Jurisdiction

2.      The City denies the allegations in Paragraph 2 of the Complaint.

### Pre-Suit Notice

3.      The City admits that Plaintiff provided a notice of alleged violations of the Clean Water Act; however, the City denies the remaining allegations in

Paragraph 3 of the Complaint. The City further denies that any such notice was adequate.

4.     Paragraph 4 of the Complaint cites 33 U.S.C. §§ 1365(a)(1), 1365(b) and 40 C.F.R. Part 135, Subpart A, which speak for themselves. The City denies the allegations in Paragraph 4 to the extent they are inconsistent with 33 U.S.C. §§ 1365(a)(1), 1365(b) and 40 C.F.R. Part 135, Subpart A. To the extent that Paragraph 4 sets forth legal conclusions, the City responds that no response is required; however, to the extent a response is required the City denies the allegations. Answering further, the City admits that Plaintiff's notice was served over 60 days before Plaintiff filed the instant action; however, the City denies the remaining allegations contained in Paragraph 4 of the Complaint.

## Venue

5.     The City admits that venue is proper in the Northern District of Georgia; however, the City denies the remaining allegations in Paragraph 5 of the Complaint. 4. Paragraph 5 of the Complaint also cites 28 U.S.C. § 1391(b)(2) and 33 U.S.C. § 1363(c)(1) which speak for themselves. The City denies the allegations in Paragraph 5 to the extent they are inconsistent with 28 U.S.C. § 1391(b)(2) and 33 U.S.C. § 1363(c)(1). To the extent that Paragraph 5 sets forth legal conclusions, the City responds that no response is required; however, to the extent a response is required the City denies the allegations.

**Parties**

6.      The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

8.      The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 8 of the Complaint.

9.      The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 9 of the Complaint.

10.     The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 10 of the Complaint.

11.    The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 11 of the Complaint.

12.    The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 12 of the Complaint.

13.    The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 13 of the Complaint.

14.    The City denies the allegations in Paragraph 14 of the Complaint.

15.    The City denies the allegations in Paragraph 15 of the Complaint.

16.    The City denies the allegations in Paragraph 16 of the Complaint.

17.    The City denies the allegations in Paragraph 17 of the Complaint.

18.    The City is without knowledge or information sufficient to respond to the allegations of Paragraph 18 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 18 of the Complaint.

19.    The City denies the allegations in Paragraph 19 of the Complaint.

20.    The City admits the allegations in Paragraph 20 of the Complaint.

21.    The City admits that City employees frequently are on the construction cite but denies the remaining allegations in Paragraph 21 of the Complaint.

22.    The City denies Paragraph 22 of the Complaint as there are no unlawful discharges occurring at the Training Facility's site.

23.    The City admits the allegations in Paragraph 23 of the Complaint.

24.    Paragraph 24 of the Complaint cites 33 U.S.C. §§ 1362(5), 1365(a)(1), which speak for themselves. The City denies the allegations in Paragraph 24 to the extent they are inconsistent with 33 U.S.C. §§ 1362(5), 1365(a)(1). Paragraph 24 sets forth legal conclusions to which no response is required; however, the extent a response is required, the denies the allegations contained in Paragraph 24 of the Complaint.

25.    The City admits the allegations in Paragraph 25 of the Complaint.

26.    The City admits the allegations in Paragraph 26 of the Complaint.

27.    The City admits that the Atlanta Police Foundation, Inc. ("APF") is directing and supervising contractors who are involved in the development and construction of the Training Center. The City denies any remaining allegations in Paragraph 27.

28.    The City admits the allegations in Paragraph 28 of the Complaint.

29.    The City admits the allegations in Paragraph 29 of the Complaint.

30.    The City admits APF was the operator of the project and that Alan Williams is an employee of APF but denies the remaining allegations in Paragraph 30 of the Complaint.

31.    Paragraph 31 of the Complaint cites the General Permit, the City states that the General Permit speaks for itself in terms of content and legal effect. The City denies the allegations in Paragraph 31 to the extent they are inconsistent with the General Permit.

32.    Paragraph 32 of the Complaint cites 33 U.S.C. §§ 1362(5), 1365(a)(1), which speak for themselves. The City denies the allegations in Paragraph 32 to the extent they are inconsistent with 33 U.S.C. §§ 1362(5), 1365(a)(1). Paragraph 32 sets forth legal conclusions to which no response is required; however the extent a response is required, the City denies the allegations contained in this Paragraph 32 of the Complaint.

**The Atlanta Training Facility Site**

33.    Paragraph 33 cites a 2017 report by Atlanta's department of city planning ("2017 Report"), which speaks for itself. The City denies the allegations in Paragraph 33 to the extent they are inconsistent with the 2017 report. The City is without knowledge or belief sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint; to the extent an answer is

deemed required, the City denies the remaining allegations contained Paragraph 33 of the Complaint.

34.    Paragraph 34 of the Complaint cites Atlanta City Code, Part I, Sec. 3-601, which speaks for itself. The City denies the allegations in Paragraph 34 to the extent they are inconsistent with Atlanta City Code, Part I, Sec. 3-601.

35.    The City admits only that the City's council voted to lease property to APF for construction of the Training Facility. The City denies the remaining allegations contained in Paragraph 35 of the Complaint.

## Legal Background

### A. Water Quality Standards

36.    Paragraph 36 of the Complaint cites 33 U.S.C. § 1251(a), which speaks for itself. The City denies the allegations in Paragraph 36 to the extent they are inconsistent with 33 U.S.C. § 1251(a). Paragraph 36 also sets forth legal conclusions to which no response is required; however, to the extent a response is required, the City denies the allegations contained in Paragraph 36 of the Complaint.

37.    Paragraph 37 of the Complaint cites 33 U.S.C. §§ 1251(a)(2), 1313(c)(2)(A), and 40 C.F.R. § 130.3, which speak for themselves. The City denies the allegations in Paragraph 37 to the extent they are inconsistent with 33 U.S.C. §§ 1251(a)(2), 1313(c)(2)(A), and 40 C.F.R. § 130.3. Paragraph 37 also sets forth legal

conclusions to which no response is required; however, to the extent a response is required, the City denies the allegations contained in Paragraph 37 of the Complaint.

38.    Paragraph 38 cites 33 U.S.C. § 1313(c)(2)(A), 40 C.F.R. §§ 130.3, 131.10, 131.11, which speak for themselves. The City denies the allegations in Paragraph 38 to the extent they are inconsistent with 33 U.S.C. § 1313(c)(2)(A), 40 C.F.R. §§ 130.3, 131.10, 131.11. Paragraph 38 also sets forth legal conclusions to which no response is required; however, to the extent a response is required, the City denies the allegations contained in Paragraph 38 of the Complaint.

39.    Paragraph 39 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

40.    Paragraph 40 of the Complaint quotes the U.S. Environmental Protection Agency ("EPA") and the document, the EPA, Questions and Answers on Antidegradation 8 (Aug. 1985) ("EPA 1985 Q&A), speaks for itself. The City denies the allegations in Paragraph 40 to the extent they are inconsistent with the EPA 1985 Q&A.

41.    Paragraph 41 of the Complaint cites Ga. Comp. R. & Regs. 391-3-6-.03(5)(c), which speaks for itself. The City denies those allegations in Paragraph 41 to the extent they are inconsistent with Ga. Comp. R. & Regs. 391-3-6-.03(5)(c). To the extent Paragraph 41 sets forth legal conclusions, the City states that no response

is required; however, to the extent a response is required, the City denies the allegations.

42.    Paragraph 42 sets forth legal conclusions to which the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

43.    Paragraph 43 of the Complaint cites 40 C.F.R. § 131.5, which speaks for itself. The City denies those allegations in Paragraph 43 to the extent they are inconsistent with 40 C.F.R. § 131.5.

44.    The City denies the allegations contained in Paragraph 44 of the Complaint.

45.    The City denies the allegations contained in Paragraph 45 of the Complaint. Answering further, Paragraph 45 sets forth legal conclusions, the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

46.    Paragraph 46 of the Complaint cites Ga. Comp. R. & Regs. 391-3-6-.03(5)(d), which speaks for itself. The City denies those allegations in Paragraph 46 to the extent they are inconsistent with Ga. Comp. R. & Regs. 391-3-6-.03(5)(d). To the extent Paragraph 46 sets forth legal conclusions, the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

47.     Paragraph 47 of the Complaint cites Ga. Comp. R. & Regs. 391-3-6-.03(5)(c), which speaks for itself. The City denies those allegations in Paragraph 47 to the extent they are inconsistent with Ga. Comp. R. & Regs. 391-3-6-.03(5)(c). To the extent Paragraph 47 sets forth legal conclusions, the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

48.     Paragraph 48 cites 33 U.S.C. §§ 1313(d)(1)(A), 1313(d)(1)(C) and 40 C.F.R. §§ 130.2, 130.7, which speak for themselves. The City denies the allegations in Paragraph 48 to the extent they are inconsistent with 33 U.S.C. §§ 1313(d)(1)(A), 1313(d)(1)(C) and 40 C.F.R. §§ 130.2, 130.7. To the extent Paragraph 48 sets forth legal conclusions, the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

49.     Paragraph 49 sets forth legal conclusions to which the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the Total Maximum Daily Load Evaluations ("TMDLs") speak for themselves in terms of content and legal effect.

50.     Paragraph 50 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

51.     Paragraph 51 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

52.     Paragraph 52 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2007 and 2017 TMDLs speak for themselves in terms of content and legal effect.

**B.    Clean Water Act Permit**

53.     Paragraph 53 cites 33 U.S.C. §§ 1311(a), 1342(p), 1362(12) and 40 C.F.R. §§ 122.1(b)(1), 122.2, which speak for themselves. The City denies the allegations in Paragraph 53 to the extent they are inconsistent with 33 U.S.C. §§ 1311(a), 1342(p), 1362(12) and 40 C.F.R. §§ 122.1(b)(1), 122.27. Paragraph 53 sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

54.     Paragraph 54 cites 33 U.S.C. §§ 1311(a), 1342(p) and 40 C.F.R. §§ 122.26(a)(9)(i), 122.26(b)(14)(x), 122.26(b)(15), which speak for themselves. The City denies the allegations in Paragraph 54 to the extent they are inconsistent with 33 U.S.C. §§ 1313(a), 1342(p) and 40 C.F.R. §§ 122.26(a)(9)(i), 122.26(b)(14)(x), 122.26(b)(15). Paragraph 54 sets forth legal conclusions, and the City states that no

response is required; however, to the extent a response is required, the City denies the allegations.

55.    The City admits the allegations in Paragraph 55 of the Complaint.

56.    Paragraph 56 sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations in Paragraph 56 of the Complaint.

57.    Paragraph 57 of the Complaint cites the General Permit, the City states that the General Permit speaks for itself in terms of content and legal effect. To the extent that Paragraph 57 sets forth legal conclusions, the City states that no response is required; however, to the extent a response is required, the City denies the allegations in Paragraph 57 of the Complaint.

58.    Paragraph 58 of the Complaint cites the General Permit, the City states that the General Permit speaks for itself in terms of content and legal effect. Paragraph 58 sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations in Paragraph 58 of the Complaint.

59.    Paragraph 59 of the Complaint cites the General Permit, the City states that the General Permit speaks for itself in terms of content and legal effect. Paragraph 59 sets forth legal conclusions, and the City states that no response is

required; however, to the extent a response is required, the City denies the allegations in Paragraph 59 of the Complaint.

## Factual Background

60.    Paragraph 60 of the Complaint cites the General Permit, the City states that the General Permit speak for itself in terms of content and legal effect. The City admits that Permittee NOI Number GAR189E51-V2 submitted February 21, 2023, listed 86.9 in response to "Acres Disturbed (to the nearest tenth (1/10th) acre)."

61.    The City admits only that stormwater is permitted to discharge from the Training Center's construction site and ultimately may reach Intrenchment Creek. The City denies the remaining allegations contained in Paragraph 61 of the Complaint.

62.    Paragraph 62 of the Complaint cites Ga. Comp. R. & Regs. 391-3-6-.03(4)(c), 391-3-6-.03(14), which speak for themselves. The City denies those allegations in Paragraph 62 to the extent they are inconsistent with Ga. Comp. R. & Regs. 391-3-6-.03(4)(c), 391-3-6-.03(14). To the extent Paragraph 62 sets forth legal conclusions, the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

63.    The City denies the allegations in Paragraph 63 of the Complaint.

64.    The City denies the allegations in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the TMDL speaks for itself in terms of content and legal effect.

66.     Paragraph 66 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2007 TMDL speaks for itself in terms of content and legal effect.

67.     Paragraph 67 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2007 TMDL speaks for itself in terms of content and legal effect.

68.     Paragraph 68 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2017 TMDL speaks for itself in terms of content and legal effect.

69.     Paragraph 69 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2017 TMDL speaks for itself in terms of content and legal effect.

70.     Paragraph 70 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2017 TMDL speaks for itself in terms of content and legal effect.

71.     Paragraph 71 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2017 TMDL speaks for itself in terms of content and legal effect.

72.     Paragraph 72 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Paragraph 72 cites 40 C.F.R. §§ 130.2, 130.7, 122.26(b)(15), which speak for themselves. The City denies the allegations in Paragraph 72 to the extent they are inconsistent with 33 40 C.F.R. §§ 130.2, 130.7, 122.26(b)(15). Answering further, the City states that the 2007 and 2017 TMDLs speak for themselves in terms of content and legal effect.

73.     Paragraph 73 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, Paragraph 73 cites the 2007 TMDL, which speaks for itself in terms of content and legal effect.

74.     Paragraph 74 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, Paragraph 74 cites the 2017 TMDL, which speaks for itself in terms of content and legal effect.

75.     Paragraph 75 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, Paragraph 75 cites the 2007 and 2017 TMDLs, which speaks for themselves in terms of content and legal effect.

76.     Paragraph 76 sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations contained in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint cites 33 U.S.C. §§ 1342(p)(3)(B), 1342(p)(3)(A), which speak for themselves. The City denies those allegations in Paragraph 77 to the extent they are inconsistent with 33 U.S.C. §§ 1342(p)(3)(B), 1342(p)(3)(A). To the extent Paragraph 77 sets forth legal conclusions, the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

78.     The City denies the allegations in Paragraph 78 of the Complaint. Answering further, the City states that the 2007 and 2017 TMDL speaks for themselves in terms of content and legal effect.

79.    The City is without knowledge or information sufficient to form a belief as to whether there is any sediment discharge from the Training Facility's construction site into Intrenchment creek; to the extent an answer is deemed required, said allegations are denied.  Responding further, the MS4 permit is a written document and as such speaks for itself.

80.    Paragraph 80 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2017 TMDL speaks for itself in terms of content and legal effect.

81.    Paragraph 81 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2007 TMDL speaks for itself in terms of content and legal effect.

82.    The City admits only that EPD's published conclusion referenced in Paragraph 82 speaks for itself.  The City denies any allegations in Paragraph 82 to the extent they are inconsistent with that published conclusion.

83.    The City admits only that EPD's published conclusion referenced in Paragraph 83 speaks for itself.  The City denies any allegations in Paragraph 83 to the extent they are inconsistent with that published conclusion.

84.     The City admits only that EPD's published conclusion referenced in Paragraph 84 speaks for itself.  The City denies any allegations in Paragraph 84 to the extent they are inconsistent with that published conclusion.

85.     The City admits only that EPD's calculations related to Universal Soil Loss Equitation referenced in Paragraph 85 speaks for themselves.  The City denies any allegations in Paragraph 84 to the extent they are inconsistent with those published calculations.  Answering further, the City states that the 2007 and 2017 TMDLs speaks for themselves in terms of content and legal effect.

86.     The City denies the allegations in Paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2007 TMDL speaks for itself in terms of content and legal effect.

88.     Paragraph 88 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2017 TMDL speaks for itself in terms of content and legal effect.

89.     Paragraph 89 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the

City denies the allegations. Answering further, the City states that the 2007 TMDL speaks for itself in terms of content and legal effect.

90.     Paragraph 90 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2017 TMDL speaks for itself in terms of content and legal effect.

91.     Paragraph 91 of the Complaint sets forth legal conclusions, and the City states that no response is required; however, to the extent a response is required, the City denies the allegations. Answering further, the City states that the 2007 and 2017 TMDLs speaks for themselves in terms of content and legal effect.

92.     The City admits only that EPD's published conclusion referenced in this paragraph speaks for itself.  The City denies any allegations in Paragraph 92 to the extent they are inconsistent with that published conclusion.

93.     The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 93 of the Complaint.

94.     The City denies the allegations in Paragraph 94 of the Complaint.  The City further denies that Plaintiff has laid a proper foundation for photographs set forth in the Complaint.

95.    The City denies the allegations in Paragraph 95 of the Complaint.

96.    The City admits only that more trees were present on the Training Center site prior to the start of development. The City denies the remaining allegations contained in Paragraph 96 of the Complaint and that Plaintiff has laid a proper foundation for the photographs in this paragraph.

97.    The City denies the allegations in Paragraph 97 of the Complaint.

98.    The City denies the allegations in Paragraph 98 of the Complaint.

99.    The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 99 of the Complaint.

100.    The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 100 of the Complaint.

101.    The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 101 of the Complaint.

102.   The City is without knowledge or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint; to the extent an answer is deemed required, the City denies the allegations contained in Paragraph 102 of the Complaint.

103.   The City denies the allegations in Paragraph 103 of the Complaint.

104.   The City denies the allegations in Paragraph 104 of the Complaint.

105.   The City denies the allegations in Paragraph 105 of the Complaint.

106.   The City denies the allegations in Paragraph 106 of the Complaint.

107.   The City denies the allegations in Paragraph 107 of the Complaint.

108.   The City denies the allegations in Paragraph 108 of the Complaint.

109.   The City denies the allegations in Paragraph 109 of the Complaint.

110.   The City denies the allegations in Paragraph 110 of the Complaint.

111.   The City denies the allegations in Paragraph 111 of the Complaint.

112.   The City denies the allegations in Paragraph 112 of the Complaint.

113.   The City denies the allegations in Paragraph 113 of the Complaint.

114.   The City denies the allegations in Paragraph 114 of the Complaint.

**Count 1 – Clean Water Act Claim**

115.   Paragraph 115 of the Complaint cites 33 U.S.C. §§ 1362(5), 1365(a)(1), 1365(f)(1), 1365(f)(7), which speak for themselves. The City denies the allegations in Paragraph 115 to the extent they are inconsistent with 33 U.S.C. §§ 1362(5),

1365(a)(1), 1365(f)(1), 1365(f)(7). To the extent Paragraph 115 sets forth legal conclusions, the City states that no response is required; however, to the extent a response is required, the City denies the allegations.

116.    The City denies the allegations in Paragraph 116 of the Complaint.

117.    The City denies the allegations in Paragraph 117 of the Complaint.

## **GENERAL DENIAL**

The City denies any and all allegation whether express or implied that is not otherwise specifically admitted therein.

## **Prayer For Relief**

WHEREFORE, The City denies that Plaintiff is entitled to any of the relief it requests and prays as follows:

1.    That Plaintiff's Complaint be dismissed with prejudice;

2.    That the Court enter judgment for the City and against Plaintiff;

3.    That the Court award the City all attorney's fees and costs incurred in participating in this litigation; and

4.    That the Court award such other relief to the City as is just and proper.

Respectfully submitted, this 17th day of September, 2024.

**TROUTMAN PEPPER**
**HAMILTON SANDERS, LLP**

*/s/ William M. Droze*
William M. Droze, Ga. Bar No. 231039
Byron Kirkpatrick, Ga. Bar No. 396394
Kadeisha West, Ga. Bar No. 640699
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
(404) 885-3000
fitzgerald.veira@troutman.com
byron.kirkpatrick@troutman.com
william.droze@troutman.com
kadeisha.west@troutman.com

*Counsel for Defendant*
*City of Atlanta*

## **<u>FONT CERTIFICATION</u>**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this

filing complies with the type and font requirements set forth in Local Rule 5.1.

<div style="margin-left: 50%;">

*/s/ William M. Droze*

William M. Droze, Ga. Bar No. 231039

william.droze@troutman.com

*Counsel for Defendant*

*City of Atlanta*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that the within and foregoing *Defendant City of Atlanta's Answer to Plaintiff's Amended Complaint for Injunctive Relief* was served via the Court CM-ECF electronic filing system upon Counsel of Record and also delivered by electronic mail to:

Simon H. Bloom, Ga. Bar No. 064298
Troy R. Covington, Ga. Bar No. 190949
Andrei Ionescu, Ga. Bar No. 105204
977 Ponce de Leon, Ave. NE
Atlanta, GA 30306
(404) 577-7710

Jon Schwartz, Ga. Bar No. 631038
1100 Peachtree Street, N.E. Suite 250
Atlanta, GA 30309
(404) 667-3047

This the 17th day of September, 2024.

*/s/ William M. Droze*
William M. Droze, Ga. Bar No. 231039
william.droze@troutman.com

*Counsel for Defendant*
*City of Atlanta*