## Amended Settlement Agreement

WHEREAS, South River Watershed Alliance, Inc. ("SRWA") filed a citizen suit on August 1, 2023, in the United States District Court of the Northern District of Georgia captioned *South River Watershed Alliance, Inc. v. City of Atlanta and Atlanta Police Foundation, Inc.*, U.S. District Court for the Northern District of Georgia; Civil Action File No. 1:23-cv-03416-JPB (the "Action") alleging violations of the Clean Water Act ("CWA") against and the City of Atlanta, Georgia (the "City") and the Atlanta Police Foundation, Inc. ("APF") (collectively, the "Defendants") related to Defendants' construction of a law enforcement training center ("Training Center") on City property located in unincorporated DeKalb County.

WHEREAS, on August 23, 2023, SRWA filed a Motion for Preliminary Injunction seeking to halt construction at the Training Facility pending a resolution of the case, claiming that the City and APF violated the CWA and Georgia's Water Quality Control Act by discharging stormwater into Intrenchment Creek and allegedly not complying with several sections of the National Pollutant Discharge Elimination ("NPDES") General Permit issued to the City.

WHEREAS, on October 12, 2023, SRWA amended its complaint, contending that stormwater discharges into Intrenchment Creek violates only one section of the General Permit related to turbidity and Georgia's in-stream water quality standards.

WHEREAS, on October 25, 2023, Defendants filed a Joint Motion to Dismiss denying SRWA's allegations, arguing they are in full compliance with the City's NPDES General Permit.

WHEREAS, on January 16, 2024, the Court denied SRWA's Motion for Preliminary Injunction and allowed construction to continue;

WHEREAS, on August 30, 2024, the Court denied Defendant's Joint Motion to Dismiss;

WHEREAS, on September 17, 2024, the City and APF filed their answers to SRWA's complaint.

WHEREAS, on October 3, 2024, the Court entered a scheduling order for discovery to commence on October 17, 2024 and to close on May 9, 2025.

WHEREAS, no regulatory agency has determined the City or APF to be in violation of the CWA.

WHEREAS, the City and APF recognize that in filing the Action SRWA was seeking to uphold the law, and that while no violation has been proven, the settlement to be used to pay attorneys fees was reached to avoid even more costly, additional protracted litigation expenses on behalf of the City.

NOW THEREFORE the City, APF, and SRWA (collectively, the "Parties") agree as follows:

1. **Attorney Fees Under the Federal Clean Water Act**

    Within thirty (30) days of approval of this settlement agreement by the Court, the City agrees to make a one-time, lump sum payment to SRWA in the amount of $70,000.00 made payable to the Law Office of Jon Schwartz, 1100 Peachtree St., NE., Suite 250, Atlanta, GA 30309 for attorneys' fees incurred by the Law Office of Jon Schwartz related to the Action and through the entry of this Settlement Agreement provided however that disbursement shall not be made to SRWA pending a dismissal with prejudice of the Action.

      Within five (5) days of execution of this amended settlement agreement, SRWA shall serve signed copies of the agreement on the Environmental Protection Agency (EPA) and the U.S. Department of Justice (USDOJ) for review. Within five days after EPA and the USDOJ receive the signed agreement, SRWA shall notify the Court of the dates EPA and USDOJ received the agreement, that EPA and USDOJ have forty-five (45) days after receipt to review the agreement and provide comments to the Court, and that the case should remain pending during this period.

2. **Agreement to Jointly Approach USGS to Repair the Sediment Gage**

      The Parties agree to jointly approach the U.S. Geological Survey ("USGS") to request the resumption of operations and maintenance of streamflow, precipitation, and continuous water-quality monitoring at Intrenchment Creek / Constitution Road (USGS site number 02203700). If the USGS refuses to resume operations and maintenance of the monitoring station at Intrenchment Creek / Constitution Road, the parties agree to cooperate in good faith to determine if an alternate monitoring device could be installed. Neither the City nor APF shall be financially responsible for installation or maintenance of a replacement gage absent an amendment to this Settlement Agreement upon final refusal of USGS to act, which amendment shall not be unreasonably withheld; provided however that the City agrees to continue any financial support at the level and during any renewal term of the Intergovernmental Joint Funding Agreement IGA-S-1210119, Long-Term Water Quantity and Water Quality Monitoring Program Services ("Agreement") with USGS related to shared expenses for gages located within the City.

3. **Release and Covenant Not to Sue**

      In consideration of the promises and agreements set forth herein and incorporated herein by reference, SRWA its affiliates and assigns agrees to hereby completely waive, release, forever discharge and covenant not to sue the City or APF, their current, future, and former affiliated entities, successor and predecessor entities, their counsel, agents, members, officers, directors, and employees, from any and all liability, claims, demands, rights, and causes of action for damages and equitable relief, whether based on statutory, tort, contract or other theory of recovery, which SRWA now has, or which may hereafter accrue or otherwise be acquired, on account of, or which may in any way grow out of the facts arising out of the Action or through the Effective Date of this Agreement, including, without limitation, any and all known or unknown claims for injuries which have resulted or may result from the alleged act or omissions of the City or APF.

4. **Dismissal of Lawsuit**

      Within five (5) business days following notice from EPA or the USDOJ that the United States has no objection to the agreement, or within (5) business days following expiration of the 45-day review period, whichever first occurs, the parties will jointly apply for approval of the agreement by the Court, and upon entry of an order of approval, the Parties agree to stipulate to a notice of dismissal of the Action, with prejudice, within five (5) business days.

5. **Press Release**

      SRWA agrees not to issue a press release about the Action or this Settlement Agreement.

6. **Government Approval**

	. If USDOJ or EPA propose a change to this Settlement Agreement that is acceptable to the Parties, the Parties agree to proceed with the implementation of the Settlement Agreement and incorporate such change. If any such change is not acceptable to any party, such Party may seek leave of Court to adopt the Settlement Agreement notwithstanding the proposed change. Absent non-objection or expiration of the review period without objection, an acceptable change by USDOJ or EPA to the Parties, or Court approval of the Settlement Agreement notwithstanding any contested change by USDOJ or EPA, the Settlement Agreement shall terminate and payment hereunder shall be returned to the City and the Parties will be returned to the *status quo* in the litigation. In the event of termination of the Settlement Agreement, this agreement together with all documents in connection with the settlement shall be deemed inadmissible pursuant to Fed.R.Evid. 408.

7. **Contractual Agreement**

	It is expressly agreed and understood that the terms of this Settlement Agreement are contractual and not merely recitals, and that the terms of this Settlement Agreement and the consideration given is to compromise disputed claims and avoid litigation. By entering into this Settlement Agreement, neither the City nor APF nor SRWA admit any liability as to any matter within the contemplation of the Settlement Agreement.

8. **Entire Agreement**

	This Settlement Agreement sets forth the entire agreement between SRWA and Defendants regarding the resolution of the Action and the matters set forth herein and may not be altered, amended, or modified in any respect, except by a writing duly executed by the party to be charged with such change. All earlier drafts, understandings, oral agreements, representations, and other writings are expressly superseded hereby and are of no further force or effect with regard to the subject matter of the Agreement. SRWA and Defendants warrant and represent that no other inducement, promise, condition, or consideration existed, now exists, or will exist concerning the Settlement Agreement except as expressly provided herein.

9. **Choice of Law**

	The Settlement Agreement shall be construed under the laws of the State of Georgia.

10. **Non-Interference**

	SRWA hereby agrees that it will not challenge any remaining currently anticipated construction of the Training Center and shall not oppose any permits sought by the City or APF to complete construction.

11. **Notice**

All notices required by or sent pursuant to the terms of this Agreement shall be sent by registered mail, return receipt requested, or alternatively by email followed by first class mail to the following:

For SRWA:

>Jon Schwartz
>South River Watershed Alliance, Inc.
>1100 Peachtree St., N.E., Suite 250
>Atlanta, GA, 30309
>jon@jonschwartz.net
>
>*Counsel for Plaintiff South River Watershed Alliance, Inc.*

For Defendants:

>William M. Droze
>E. Fitzgerald Viera
>Byron Kirkpatrick
>Kadeisha West
>Troutman Pepper Hamilton Sanders, LLP
>600 Peachtree Street NE, Suite 3000
>Atlanta, GA, 30308
>william.droze@troutman.com
>fitzgerald.veira@troutman.com
>byron.kirkpatrick@troutman.com
>kadeisha.west@troutman.com
>
>*Counsel for Defendant City of Atlanta*
>
>And
>
>Simon H. Bloom
>Troy R. Covington
>Bloom Parham, LLP
>977 Ponce de Leon, Ave. NE
>Atlanta, GA, 30306
>sbloom@bloom-law.com
>tcovington@bloom-law.com
>
>*Counsel for Defendant Atlanta Police Foundation, Inc.*

**12. Dispute Resolution**

In the event of a disagreement between the Parties concerning any aspect of this Settlement Agreement, the dissatisfied party shall provide the other party with written notice of the dispute and a request for negotiations. If the Parties cannot reach an agreed resolution within thirty (30) days after the receipt of the notice by the other party, the Parties agree to mediate the dispute in good faith no later than 60 days after the receipt of the notice. A party may pursue court resolution of the dispute only where a mediation was conducted and was unsuccessful.

**13. Consideration**

Parties each warrant and represent that they each have carefully read and considered this Settlement Agreement and fully understand it to be a full compromise and settlement of the Litigation. SRWA and Defendants warrant and represent that they have had access to all documents, information, or other matters necessary to satisfy themselves as to the adequacy of this Settlement Agreement.

**14. Voluntary Execution**

Parties each state that they each have consulted with their respective attorneys, if desired, regarding the purpose and legal effect of this Settlement Agreement and that their execution of the Settlement Agreement is a free, informed, and voluntary act with advice of counsel if sought, and is not the subject of any fraud, duress, or coercion. No presumption shall arise against the drafter of this Settlement Agreement as all terms are deemed negotiated terms.

**15. Severability**

No provision of this Settlement Agreement which shall be found to be invalid, void or illegal shall in any way affect, impair or invalidate any other provision or part hereof, and such other provisions and parts shall remain in full force and effect.

**16. Counterparts**

This Settlement Agreement may be executed in multiple originals or counterparts, each of which shall be deemed to be binding upon the party, and its assigns, executing it. This Settlement Agreement shall become effective (the "Effective Date") as of the date upon which the last party executes.

On Behalf of Defendant City of Atlanta:

Dated ____2/2/2025____, 2025

By: _____*Patrise Perkins-Hooker*_____ City Attorney
DocuSigned by:
DB0F8605B32E437...

(First, Last, Position)

[SIGNATURES CONTINUE NEXT PAGE]

5

On Behalf of Defendant Atlanta Police Foundation, Inc.

Dated _____, 2025

By: _____

(First, Last, Position)

On Behalf of Plaintiff South River Watershed Alliance, Inc.

Dated  1/31/2025

By: *Jacqueline Echols*
    B49E939596BB43E...

Jacqueline Echols, Ph.D., President

6

On Behalf of Defendant Atlanta Police Foundation, Inc.

Dated  1/31/25 , 2025

By: _____ CEO + President

(First, Last, Position)

On Behalf of Plaintiff South River Watershed Alliance, Inc.

Dated _____, 2025

By: _____

(First, Last, Position)